[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
David J. Hebert and Jeanette F. Poirier intermarried at Salem Massachusetts on April 12, 1980. The parties have resided in Connecticut for at least twelve months next prior to the filing of the complaint. The parties have one minor child issue of their marriage, John F. Hebert, born April 13, 1981. There have been no other minor children born to the defendant wife since the date of the marriage. The parties have been having marital difficulties for some time due to a lack of sufficient income to maintain their living expenses.
The plaintiff is sixty-two (62) years old and employed by the Army Corps of engineers as a park manager at the West Hill Dam in Uxbridge, Massachusetts. The defendant wife is forty-six years old and employed as a clerk for the Better Value Supermarkets.
Plaintiff earns $843.60 gross income per week and defendant earns $159 gross income per week. The parties separated in September of 1997, after disagreements over the payment or lack thereof of household bills. The plaintiff testified he expected to retire at age sixty-five and he became concerned that his wife would not take care of him if he should get ill. He testified he lost trust in her ability to manage money and to show him where the earnings went.
Mrs. Hebert, the defendant, testified that she paid the household bills as far as their combined earnings allowed and that Mr. Hebert was distrustful during their entire marriage. She had agreed that she would pay the property taxes from her earnings, but could not do so when she was not working. The resulting tax lien ultimately contributed to the breakdown of the CT Page 6596 parties' relationship. Both parties agree that the marriage has broken down irretrievably and there is no prospect for reconciliation. The court finds based on the evidence and provisions of Connecticut General Statutes § 46b-81(c)[1]. The marriage of the parties has broken down irretrievably and there is no prospect for reconciliation.
The following order shall enter.
 A decree of dissolution based on irretrievably breakdown is entered.
 Custody of the minor son is awarded to the parties jointly with primary residence to the
defendant wife with reasonable visitation with the plaintiff.
Child support in the amount of $153 per week is ordered payable by the plaintiff to the defendant in accordance with the child support guidelines. The parties shall share equally any unreinbursed medical, optical, orthodontic, dental, orthopedic, psychological, psychiatric, pharmaceutical or other medical/hospital expenses not covered by insurance.
The family residence located at 38 Edwardsen Street, Danielson, Connecticut, is awarded to the defendant wife and plaintiff husband is ordered to quit claim his interest therein to the defendant. The defendant is ordered to assume and pay the mortgage on the 38 Edwardsen Street property and to hold the plaintiff harmless therefrom. The court finds the value of the jointly owned property to be $85,000 based on the affidavits of both parties. The property is subject to a $85,000 mortgage.
The plaintiff is awarded the 1998 Subaru free and clear of any claims by defendant.
The defendant is awarded the 1991 Chevrolet free and clear of any claims by plaintiff. The defendant is ordered to assume the automobile loan therefor and hold the plaintiff harmless.
The defendant's 401K plan valued at $5,067.28 as of May 28, 1999, is awarded to her as is any interest she may have in her late father's estate free and clear of any claims by the plaintiff husband. CT Page 6597
The parties are ordered to assume all the individual liabilities listed on their respective financial affidavits.
Effective the date of this decree, the plaintiff is ordered to pay the sum of $220 per week alimony to the defendant wife for a period of two and one-half years or until plaintiff reaches age sixty-five and retires. This alimony is to be nonmodifiable as to term and amount.
The plaintiffs C.S.R.S. retirement annuity is ordered divided 70% to the plaintiff and 30% to the defendant based on the valuation of the annuity at the date of this decree.
Plaintiffs counsel is ordered to prepare the appropriate QDRO for presentation to the court for its approval.
In addition thereto, the plaintiff is ordered to provide defendant wife a survivor annuity in accordance with C.S.R.S. provisions for survivor benefits having an insurable interest.
The TSP (401K) plan of the plaintiff is ordered split equally between the parties effective the date of this decree. Plaintiffs counsel will prepare the QDRO for the approval by the court.
The plaintiff is ordered to maintain life insurance in the amount of $25,000 as available through his employment with defendant as beneficiary for the duration of the alimony period or two and one-half years.
The New London Trust joint savings account is ordered divided equally between the parties. The defendant is awarded $500 as counsel fees, payable by plaintiff within ninety days.
The parties are awarded their own personal effects and domestic furnishings free and clear of any claims of the other.
The defendant wife is awarded COBRA benefits at her own expense. To the extent medical benefits are available to the plaintiff for a former spouse or dependent children through his employment, the plaintiff is ordered to provide those medical benefits as long as he remains employed. Any such medical benefits which are surcharged to the plaintiff for benefits to the defendant as a former spouse will be at the defendant's expense or reimbursed to plaintiff by her. CT Page 6598
Kocay, J.